## Harris Wolf v. Adolph Moses et al.

1.   VERDICTS—*On Conflicting Evidence, Conclusive.*—Where there is a conflict in the testimony, the conclusion of the jury upon the facts must be regarded as final, unless they have been erroneously instructed or there was error in the admission or exclusion of evidence.

**Assumpsit,** for legal services.   Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1899.   Affirmed. Opinion filed December 4, 1900.

ISRAEL SHRIMSKI, attorney for appellant.

MOSES, ROSENTHAL & KENNEDY, attorneys *pro se.*

MR. JUSTICE FREEMAN delivered the opinion of the court.
Appellees sued to recover for legal services and obtained judgment, from which this appeal is prosecuted.   The suit is based upon the alleged acceptance by appellant of the terms of a proposition embodied in a letter written by appellees in which the arrangement was stated to be that for "prosecuting the case in court to final conclusion" "you (appellant) are to pay us $250 absolutely if you lose, and in case you win you are to pay us $1,250."   Appellant claims the agreement was, that appellees should receive $250 in the event the suit should be lost, and $1,250 in case appellees succeeded in collecting the claim in full.   The jury found in favor of appellees.
There was conflict in the testimony, and the conclusion of the jury upon the facts must be regarded as final, unless,

as is contended, they were erroneously instructed or there was error in the admission or exclusion of evidence.

It is urged it was not proved by competent evidence that appellant's case had been " won " as a result of the litigation, inasmuch as the records, which it is said are the best evidence, were not produced.   The opinion of the Supreme Court in Wolf v. McNulta, Receiver, in which the services were rendered for which recovery is sought in the case at bar, was introduced in evidence by agreement of counsel. All question of its competency was thus waived, and in the absence of evidence to the contrary the jury were certainly justified in concluding therefrom that the suit in question had been won.

It is claimed that the trial court erred in excluding extracts from appellees' briefs filed in the original case, in not permitting additional proof of the value of the bonds involved in that litigation at the time that suit was brought, and in other respects which it can answer no good purpose to recapitulate here.   It is sufficient to say that we find no error in the rulings complained of.

It is urged that the fourth instruction given in behalf of appellees did not sufficiently direct the attention of the jury to the evidence as the basis of the finding.   While there may be some ground for verbal criticism, yet the instruction is made to rest upon belief of the facts as stated from evidence preponderating in that respect.   We have carefully considered the objections urged to the giving and refusal of the other instructions, of which complaint is made, but are unable to find any substantial error in the rulings complained of.

Objection is made to a part of the remarks of counsel for appellees.   But we do not regard the language referred to as materially objectionable.   Counsel had a right to argue that the testimony of appellant in his own behalf should be disregarded by the jury, and to present grounds to sustain his conclusion.   While it was immaterial whether appellant had "amassed a fortune " in Chicago or not, and the statement if used to prejudice him on account of his

supposed wealth would have been improper in the highest degree, the context shows it was not so used. It was referred to only as part of an argument that appellant was a shrewd and successful business man, and that therefore some of his statements in regard to his own ignorance were not worthy of credence. We do not regard the language complained of as objectionable in the connection in which it was used. In such connection it did not convey the meaning sought to be imputed to it by appellant's counsel.

We find no material error in the proceedings below prejudicial to appellant. The evidence amply warrants the verdict and the judgment must be affirmed.